[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Sean Sturgis brings this petition for habeas corpus alleging ineffective assistance by his counsel Attorney Yvonne Rodriquez-Schack. On May 26, 1993 the petitioner plead guilty under the "Alford Doctrine" in Manchester Superior Court to the following charges:
CR92-125377 (March 31, 1992)
Sale of a controlled substance (Connecticut General Statutes § 21a-277(b)).
Possession of a Controlled Substance (Connecticut General Statutes § 21a-279(c)).
CR92-125471 (April 7, 1992)
Possession of a Control Substance (Connecticut General Statutes § 21a-279(c)).
Possession of Narcotics (Connecticut General Statutes §21a-279(a)).
Possession of Drug Paraphernalia (Connecticut General Statutes § 21a-267(a)).
Operation of a Drug Factory (Connecticut General Statutes § 21a-277(c)).
In the above matters the petitioner was represented by Attorney Stephen Cashman. At the conclusion of the plea canvass on the above charges it was stated to the court that these matters should be transferred to Hartford Superior Court where they would be consolidated with the charges in that court and the petitioner would receive a sentence of fourteen years suspended after he served eight years with three years probation.
On June 9, 1993 in Hartford Superior Court the petitioner plead guilty to the crimes of Robbery in the First Degree and Larceny in the Second Degree under the "Alford Doctrine". In these matters the petitioner was represented by Attorney Yvonne CT Page 13962 Rodriquez-Schack.
Also the petitioner had charges pending in the Rockville Superior Court where he was represented by a third attorney. He plead guilty to these charges between his guilty pleas in Manchester Superior Court on May 26, 1993 and Hartford Superior Court on June 9, 1993 and received a four year sentence.
On July 16, 1993 the Hartford Superior Court (Judge Richard Damiani) sentenced the petitioner on all of the charges from the Manchester and Hartford Superior Courts as set forth hereinbefore to a sentence of fourteen years execution suspended after serving eight years with probation for three years which sentence was concurrent with the four year sentence the petitioner received in the Rockville Superior Court.
The petitioner proceeded under an Amended Petition dated December 6, 1995.
The petitioner alleges he was coerced by counsel into pleading guilty and forgoing his constitutional right to a trial of his cases in the Hartford Superior Court. There was absolutely no evidence of this allegation presented to the undersigned during this habeas hearing. He further alleges he was denied his rights under the sixth and fourteenth Amendments to the United State's Constitution and Article First Sections Eight and Nine of the Connecticut Constitution and Practice Book Section 711(5) in that the petitioner had a drug history and medical history which if presented to the court would have proved beneficial in obtaining a lesser sentence. The petitioner also claims he was cooperative in the resolution of another criminal matter and that this should have helped lessen his sentence if known by the court. He also claims the presentation of additional background information and history of the Petitioner's life would have been helpful in the mitigation of his sentence. In effect the petitioner is now claiming that a Pre Sentence Investigation Report was not done on him and if it had been he would have received a lesser sentence because of the information that would have been included therein.
The following colloquy took place on May 26, 1993 in the Manchester Superior Court:
MR. CASHMAN: Ummm, he's actually due in Part A tomorrow your Honor. Obviously they won't make it for tomorrow. I would ask for CT Page 13963 June 9th please. And I would also just reserve, for Mr. Sturgis, the right to have prepared for him a pre-sentence investigation and report with the disposition arrived at in Part A. We're not asking for one to be prepared with respect to these matters at this time. I'll simply ask that that right be reserved to counsel in Part A.
THE COURT: I wanted to ask you about that. You're not asking for one . . . .
MR. CASHMAN: Not specifically in these cases.
THE COURT: . . . to be ordered today.
MR. CASHMAN: It would be expected that an overall pre-sentence investigation would ultimately be ordered at a time when the Part A matter is disposed of. And that can't happen until these arrive here. But that would simply be ordered out of Hartford and we could leave it to Judge Damiani as to whether or not it would include, for example, victim's attitude on sentence with respect to the robbery that's pending here. And I know that the Court in Hartford has indicated to counsel that he is concerned about that. So I would certainly imagine that that would be part of the consideration. So I would simply ask that the preparation of a pre-sentence report be reserved for counsel in Hartford.
THE COURT: Yes. That it not be waived by . . . .
MR. CASHMAN: It's not being waived here. We'll simply leave it to counsel in Hartford to determine at that time whether or not a waiver is appropriate if in fact an agreed sentence is arrived at. Perhaps the Court would not see the need for . . . .
THE COURT: The record will reflect this defendant has not waived his right to a pre-sentence investigation prior to sentencing on any of the three cases disposed of today.
MR. CASHMAN: Thank you your Honor.
THE COURT: You're welcome.
The transcript of the petitioner's sentencing hearing shows on page 3 (Exhibit B) that the sentencing judge was aware that the petitioner cooperated with the authorities. Also the CT Page 13964 aforementioned colloquy which shows that while the petitioner did not waive his right to a Pre-Sentence Investigation Report it was to be decided by his Hartford counsel if one should be waived or prepared. There was no evidence put forth before this court as to what if anything was done or said relative to a Pre-Sentence Investigation Report at the time of his pleas on June 9, 1993 in Hartford Superior Court. Further the petitioner sent a six page letter (Exhibit D) to the sentencing Judge asking for leniency. At the sentencing hearing the Judge acknowledged he received this letter but he did not indicate if he had read it. Also the sentencing Judge had a memo from the senior Probation Officer in District 1 concerning the victims attitude in two of the files on which the petitioner was sentenced. While the petitioner's attorney Yvonne Rodriquez-Schack did not testify at this hearing she did sign an affidavit (Exhibit C) which was offered by both parties and in it she stated that the petitioner voluntarily plead guilty in the Hartford Superior Court and that he understood that the agreed upon sentence would be fourteen years execution suspended after he served eight years with three years probation.
The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984) to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment . . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances . . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable . . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a CT Page 13965 probability sufficient to undermine confidence in the verdict that resulted in his appeal . . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would he been different Id. 702.
In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement inStrickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have been different. The court went on to require that "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 59.
The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial.
Capeas v. Commissioner of Correction, 234 Conn. 139, 156.
To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome. ID157-Footnote 10.
The petitioner cites the case of State v. Patterson, 37 Conn. App. 801,815-820 to substantiate his position that the failure to have a Pre-Sentence Investigation Report violates his due process rights. However in that case the defendant was convicted after a jury trial. Here the petitioner voluntarily entered guilty pleas to a variety of charges under the "Alford Doctrine" CT Page 13966 and received an agreed upon sentence. Here the petitioner received the sentence he was told he would receive when he plead guilty. Now he wants a less severe sentence and he claims a Pre-Sentence Investigation Report would have achieve that if it had been ordered. This court does not agree. The Patterson case supra held that since the court could not say that the absence of the Pre-Sentence investigation report was harmless beyond a reasonable doubt the judgment of conviction was reversed as to the sentence and the case was remanded with the directions to resentence the defendant. After reviewing the exhibits introduced during this habeas corpus hearing and hearing the testimony of the petitioner this court finds that the failure of the trial court to have a presentence investigation report at the time of sentencing is harmless error. However this court has no evidence as to whether such a report was waived or not waived at the hearing of June 9, 1993 in Hartford Superior Court because it does not have the transcript of those proceedings. However even if the court had said transcript and it did not show an affirmative waiver by the petitioner of a Pre-sentence Investigation Report this court's denial of the habeas petition would not change.
After hearing the evidence the court finds that the petitioner has not sustained his burden of proof on either the first or second prong of the test set forth in the Strickland
case. The court does not find that the petitioner's counsel was deficient in her representation of him. From the evidence put forth in this habeas hearing the petitioner's counsel's performance can only be described as very competent.
For the above reasons the petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge